PER CURIAM.
The 82-year-old appellant was convicted of violating section 828.12(2), Florida Statutes (2012), which makes it a third degree felony to “intentionally commitf] an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering.” In Reynolds v. State, 842 So.2d 46, 51 (Fla.2002), the Supreme Court held that this statute “contains a requirement of a general intent to commit an act that is obviously reasonably related to the harm sought to be avoided, rather than a more specific intent.” (emphasis added). The rule of lenity, section 775.021(1), Florida Statutes (2012), provides that where the language of the Florida Criminal Code “is susceptible of differing constructions, it shall be construed most favorably to the accused.”
When Reynolds is read in conjunction with the rule of lenity, for there to be a conviction under section 828.12 there must be an objectively close connection between a defendant’s act and the harm that ultimately befalls an animal; the harm must be “obviously reasonably related” to the defendant’s act. Reynolds, 842 So.2d at 51. Thus, for example, a defendant who places a dog in a dog fighting ring violates the statute if a dog suffers a cruel death, or excessive or repeated unnecessary pain.
Here, with his dog on a leash, the appellant approached too close to a cat. Once the unfortunate melee began, the appellant kept his dog on the leash and tried to separate the animals. Despite his efforts, his dog killed the cat. Had the appellant taken his dog off the leash so that it could attack the feline victim, he would have violated the statute.
Although the appellant’s negligence would support a verdict of civil liability, his conduct did not cross the line into criminal *874 behavior. It is objectively unlikely that a leashed dog walking with his owner would be able to inflict the kind of damage that resulted here.
We therefore reverse the conviction and remand with directions to enter a judgment of acquittal and discharge the appellant from custody. Because of this result, we do not address the issue of whether the appellant’s three-year prison sentence violated section 775.082(10), Florida Statutes (2012), because the appellant scored only four points on his Criminal Punishment Code Scoresheet. Similarly, while we do not reach the propriety of the prosecutor’s conduct at sentencing, where he told the judge that he had a petition with approximately 3,000 signatures from citizens demanding the maximum sentence, we are compelled to note that such conduct is an affront to the very notion of due process of law granted to a criminal defendant in an American courtroom. “The constitutional safeguards relating to the integrity of the criminal process attend every stage of a criminal proceeding.... There can be no doubt that they ... exclude influence or domination by either a hostile or friendly mob.” Cox v. Louisiana, 379 U.S. 559, 562, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965) (citations omitted); State v. Humphreys, 89 N.J. 4, 444 A.2d 569, 574 (1982).

Reversed and Remanded.

DAMOORGIAN, C.J., GROSS and TAYLOR, JJ., concur.